# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

Happy Hour Drinks Company, Inc.

    **vs**                    **Case No.**  3:24-cv-47 (TJM/ML)

Can Man, LLC et al.

_____

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable MIROSLAV LOVRIC , United States Magistrate Judge, on _____04/16/24_____ at 2:30 am/pm at the United States Courthouse, at Room Number _____, at _____Albany_____ , New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1.  **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before ___08/31/24___ .

2.  **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before ___08/31/24___ .

3.  **DISCOVERY**: All discovery in this action shall be completed on or before ___01/31/25___ . **(Discovery timetable is to be based on the complexity of the action)**

4.  **MOTIONS:** All motions, including discovery motions, shall be made on or before ___01/31/25___ . **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5.  **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before _____10/31/24_____ (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before ___12/15/24___ (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before ___12/31/24___ (at least 30 days before the close of discovery).

6.  **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before ___06/30/24___. Mediation must be completed on or before ___09/30/24___.

7.  **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before ___04/01/25___. It is anticipated that the trial will take approximately __3__ days to complete. The parties request that the trial be held in _____Albany_____, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8.  **Have the parties filed a Jury Demand?** ☑ (YES) ☐ (NO).

9.  **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**
    Diversity.  Complaint does not include citizenship of actual members of LLC or partners
    _____
    _____
    _____

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**
    Yes.
    _____
    _____
    _____

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**
    Plaintiff alleges that defendant improperly mixed ingredients for certain beverages that it
    had been retained to mix and can.  Plaintiff alleges that as a result of the defendant's
    negligence, the aluminum cans corroded and weakened resulting in the unmarketability
    of Plaintiff's product

**12.  What factual and legal issues are genuinely in dispute?**

Whether or not the defendant's actions resulted in the damage to the aluminum cans
utilized to market the product.

**13.  Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

There may be some issues that can be narrowed by agreement, however, it is not known
at this juncture whether dispositive actions are appropriate.

**14.  What specific relief do the parties seek?  What are the damages sought?**

Plaintiff is seeking monetary damages for lost profits as a result of the inability to sell
certain products as well as damage to business reputation.

**15.  DISCOVERY PLAN**

A.  **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least
**seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior
approval from the assigned Magistrate Judge to extend that deadline.

B.  **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:
Mixing process, canning process, receipts of sales made and alleged lost profits from
sales along with overall revenue for the plaintiff and determination of value to loss of
reputation.

C.  **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether
it is anticipated that discovery will be phased to address different issues in stages.
Paper discovery will be necessary prior to conducting depositions to facilitate the
same.  Plaintiff has already served discovery demands and defendant is in the process
of preparing responses as well as serving its own discovery demands.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33. Demands have already been served by Plaintiff.  Defendants intend on serving a Demand for interrogatories, demand to produce and demand for expert witness disclosure.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated. Plaintiff will be seeking at least one deposition of a current employee of defendant. Two former employees with the most knowledge of the process will need to be deposed on a non-party basis.  Defendant seeks at least two depositions of plaintiff.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery). Experts will likely be involved in both liability and damages.  Liability will cover the specific formulation of the product and canning process and damages will focus on economic costs to the plaintiff as a result of the product failure.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order. This issue has not been addressed by the parties to date.

H. **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
None anticipated at this time.

I. **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
None anticipated at this time.

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

No

17. **Are there any related cases pending before the Judges of this Court?**

No

18. **In Class Actions, when and how will the class be certified?**

Not applicable

19. **What are the prospects for settlement?  Please check below the prospect for settlement:**

1 ☐  2 ☐  3 ☐  4 ☐  5 ☐  6 ☒  7 ☐  8 ☐  9 ☐  10 ☐
(Very unlikely →   →   →   →   →   →   Likely)

A. Settlement cannot be evaluated prior to _____04/16/24_____ (Date).

B. How can settlement efforts be assisted?
<u>Use of a mediator once paper discovery is complete</u>
_____

_____

***(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)***

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47*.**

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

A. Reviewed General Order #47                Yes ☑ No ☐

B. Reviewed the List of Court Approved        Yes ☑ No ☐
   Mediators available on the NDNY website?

C. Prepared to discuss with the Court, at the   Yes ☑ No ☐
   conference, whether your case should be
   opted out of the program?

D. Discussed the time frame needed to          Yes ☑ No ☐
   complete Mandatory Mediation?

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on <u>03/12/24</u>
and was attended by:                                    (Date)

<u>Joseph Churgin, Esq.</u>
_____ for plaintiff(s)

<u>Eric Kurtz, Esq.</u>
_____ for defendant(s) _____

_____ for defendant(s) _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***

6