# COOK, KURTZ & MURPHY, P.C.
ATTORNEYS & COUNSELORS AT LAW
85 MAIN STREET
P.O. BOX 3939
KINGSTON, N.Y. 12402
(845) 331-0702

ERIC M. KURTZ
THOMAS A. MURPHY
MICHAEL T. COOK

FAX: (845) 331-1003
e-mail: ekurtz@cookfirm.com
www.cookfirm.com

ANDREW J. COOK, SR. (1884-1958)
ANDREW J. COOK, JR. (1918-1997)
FRANCIS X. TUCKER (1923-1987)

JOHN C. BURNS
MATTHEW J. ALGINO

ROBERT D. COOK (Retired)

November 18, 2024

Hon. Miroslav Lovric
Federal Building and US Courthouse
15 Henry Street
Binghamton, New York 13901

Re:   **Happy Hour Drinks Company, Inc. vs. Can Man, LLC d/b/a Best Bev Co., and Best Bev LLC**
      **Case No.: 3:24-cv-00047(TJM/ML)**
      **Our File No.: 2024-116**

Dear Magistrate Judge Lovric:

I submit this letter as a status report on behalf of the defendants. Pursuant to the Court's text order, defendants provided the plaintiff with an affidavit of due diligence from a corporate officer with respect to searching for additional documentation concerning RFP(s) 8 & 19 on November 4, 2024. Defendants submitted the Protective Order for the Court's consideration as required and provided plaintiff with all materials and documents described in the privilege log. Defendants also provided plaintiff with emails in their electronic native format as required by the Court. On November 12, 2024 the parties conducted a meet and confer per the Court's directive with respect to plaintiff's third set of discovery demands. Based upon that meet and confer, supplemental responses were provided to plaintiff as we had discussed with, I believe, the only issue remaining being plaintiff's demands for the financial records of the defendants **including account numbers and financial institutions, loans including details of lenders, amounts owed and payment schedules, audit reports and tax returns.** Defendants continue to object to such disclosure as it is beyond that which is permitted in the Second Circuit at this point in the litigation.

Mandatory mediation is set for November 25th and will be conducted remotely with representatives from both defendants and Cincinnati Insurance present. Plaintiff's deposition has been set for December 11th and we are awaiting word from plaintiff's counsel as to who they wish to depose from the defendants and when.

Plaintiff's revelation just yesterday of contact with another client of defendant, Can Man, LLC (and I note that plaintiff's principal is a litigation attorney himself) with regards to leaking cans in February of 2023 does not mean defendants currently possess documentation relating to the same. Indeed, defendants have maintained throughout this litigation that leaking cans occur from a number of sources including improper warehousing, improper transport, etc. I will certainly reach out to my clients to ascertain what if anything they may know or not know of this. There would be no need for a motion to compel. If any documents do exist that are in the defendants' possession related to this purported claim, they will immediately be produced and a determination made as to why they weren't located in the first place.

Defendants do agree with and do not oppose any of plaintiff's requests regarding additional time but certainly wish to point out that defendants have indicated on multiple occasions that plaintiff can conduct depositions and request post deposition discovery to move this case along.

Very truly yours,

COOK, KURTZ & MURPHY, P.C.

*E. M. Kurtz*

ERIC M. KURTZ

EMK:tmr

cc: Joseph A. Churgin, Esq.
    Savad Churgin