# SAVAD | CHURGIN
## ATTORNEYS AT LAW

| | |
|---|---|
| Paul Savad (1941-2020) | 55 OLD TURNPIKE ROAD – SUITE 209 |
| Joseph A. Churgin | (Rt. 59 & THRUWAY EXIT 14) |
| | NANUET, NEW YORK 10954 |
| **Of Counsel** | |
| Susan Cooper | (845) 624-3820 |
| Donna Sobel | Fax: (845) 624-3821 |

November 26, 2024

Hon. Magistrate Judge Miroslav Lovric
U.S. District Court Northern District Of New York
15 Henry Street
Binghamton, NY 13901

RE:  Happy Hour Drinks Company, Inc. v. Can Man, LLC et al.
     Case No. 3:24-cv-00047-TJM-ML

Your Honor:

We represent the plaintiff Happy Hour Drinks Company, Inc., in the above action. This status report is submitted on behalf of the Plaintiff pursuant to the Court's direction. (ECF No. 47).

Plaintiff will be filing a motion to compel by the December 3, 2024 deadline on the following grounds.

First, Defendants' finances are at center-issue due to new developments in this case. Defendants' carrier, Cincinnati Insurance Group, intends to file a Declaratory Judgment action against the Defendants, its insureds, to avoid its coverage obligations in this matter. Thus, Defendants' assets and financial ability to pay a judgment is more relevant than ever to this case. To date, Defendants have not provided any underlying documentation regarding their finances, but provided some information interrogatory responses—the veracity of which is in question. (See Attached Supplemental Responses – e.g., Response to No. 6: "Without waiving said objections, and subject to them, Can Man, LLC has assets in excess of $1,000,000 and Best Bev, LLC has assets in excess of $50,000,000 with annual gross revenue of approximately $8,000,000). Specifically, the interrogatory responses contradict publicly available information regarding Defendants' business operation.

Second, another one of Defendants' clients, Neatly Spiked, provided photos and document related to leaking cans suffered by Neatly Spiked in February of 2023 (during the relevant time period of July 2021 – July 2023). Defendants did not disclose the existence of the leaking cans from Neatly Spiked despite

two motions to compel requiring it to do so. Thus, Happy Hour also reserves the right to discuss this issue in its next motion to compel.

Third, Plaintiff will be filing an amended complaint adding additional factual allegations, defendants, and alter ego theories.

Finally, whether the Court chooses to keep the December 3, 2024 hearing on Calendar, or vacate the date and re-select a date after the briefing on the motion to compel is completed, is up to the Court's discretion. We thank the Court for its attention to this matter.

Respectfully submitted,

*Joseph Churgin*

JOSEPH A. CHURGIN
JAC/mc
cc:   Eric Kurtz, Esq.
      Happy Hour Drinks Company, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF NEW YORK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HAPPY HOUR DRINKS COMPANY, INC.,

                             Plaintiff,

-against-

CAN MAN, LLC d/b/a Best Bev Co.,
BEST BEV, LLC and
JOHN DOES 1 through 100

                             Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3:24-cv-00047
(TJM/ML)

**SUPPLEMENTAL RESPONSE TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

    The defendants, CAN MAN, LLC d/b/a Best Bev Co. and BEST BEV, LLC, by their attorneys, Cook, Kurtz & Murphy, P.C., as and for their supplemental response to plaintiff's third set of interrogatories dated August 28, 2024, state as follows:

    1.    "Identify all members, managers, and officers of Can Man, LLC and Best Bev, LLC, including their addresses and titles at all times from March of 2021 to the present."

    **Response:**    At formation, the sole member of Can Man, LLC was Ryan Uszenski. As of October 15, 2021 the members are Ryan Uszenski and The Shawn P. Sheehan Revocable Trust with a business address of 2512 Quakertown Road, Pennsburg, PA 18073. At formation, the sole member of Best Bev, LLC was EtOH Worldwide, LLC. As of January 1, 2023 the members are EtOH Worldwide, LLC and The Shawn P. Sheehan Revocable Trust and the manager is Ryan Uszenski with a business address of 2512 Quakertown Road, Pennsburg, PA 18073. All three members of the defendant LLCs are residents of St. Thomas, U.S. Virgin Islands.

    2.    "Describe the nature of the business operations of Can Man, LLC and Best Bev, LLC during the period from March of 2021 to the present, including any change in business activities or focus."

    **Response:**    The primary business of both entities is to place liquid in cans for third-parties. The business is more particularly described on the website for Best Bev, LLC which

can be found at www.bestbev.co.

3. "State whether Can Man, LLC has been dissolved or ceased its operations and, if so, provide the date of dissolution or cessation and the reason for it."

**Response:** Can Man, LLC has not been dissolved. Can Man, LLC last produced product in December of 2023 after which time Best Bev, LLC has operated at said facilities.

4. "Detail any transfer of assets, equity or liabilities between Can Man, LLC and Best Bev, LLC including the date, nature and value of such transfers."

**Response:** There have been no transfers of assets, equity or liabilities between Can Man, LLC and Best Bev, LLC.

5. "Detail any transfer of assets, equity or liabilities between Can Man, LLC and any third-party, including the date, nature and value of such transfers."

**Response:** There have been no transfer of assets, equity or liabilities between Can Man, LLC and any third-party.

6. "List all financial statements, including balance sheets, profit and loss statements and cash flow statements for Can Man, LLC and Best Bev, LLC for the past three years."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Tax returns have been considered confidential pursuant to 26 U.S.C. § 6103. ***Gates vs. Wilkinson, 03-cv-763 GLS/DRH, 205 WL 758793 (NDNY 2005).*** Courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with qualified immunity. Said privacy issues equally apply to corporate tax returns. ***Sadofsky vs. Siesta Products, LLC., 252 FRD 143 (EDNY 2008).*** Furthermore, discovery of financial records is premature. ***Pasternak vs. Dow Kim, 275 FRD 461 (SDNY 2011); McManee vs. Clemens,***

*09 cv 1647 SJ, 2013 WL 6572899 (EDNY 2013)*, clarified on denial of reconsiderations, *09 cv 1647 (SJ) 2014 WL 12775660 (EDNY 2014)*. Without waiving said objections, and subject to them, Can Man, LLC has assets in excess of $1,000,000 and Best Bev, LLC has assets in excess of $50,000,000 with annual gross revenue of approximately $8,000,000.

7. "Provide a list of all bank accounts, investment accounts, and other financial accounts held by Can Man, LLC and Best Bev, LLC, including account numbers and the financial institutions where these accounts are held."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Tax returns have been considered confidential pursuant to 26 U.S.C. § 6103. *Gates vs. Wilkinson, 03-cv-763 GLS/DRH, 205 WL 758793 (NDNY 2005)*. Courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with qualified immunity. Said privacy issues equally apply to corporate tax returns. *Sadofsky vs. Siesta Products, LLC., 252 FRD 143 (EDNY 2008)*. Furthermore, discovery of financial records is premature. *Pasternak vs. Dow Kim, 275 FRD 461 (SDNY 2011)*; *McManee vs. Clemens, 09 cv 1647 SJ, 2013 WL 6572899 (EDNY 2013)*, clarified on denial of reconsiderations, *09 cv 1647 (SJ) 2014 WL 12775660 (EDNY 2014)*. Without waiving said objections, and subject to them, Can Man, LLC has assets in excess of $1,000,000 and Best Bev, LLC has assets in excess of $50,000,000 with annual gross revenue of approximately $8,000,000.

8. "Disclose any loans or other financial obligations of Can Man, LLC and Best Bev, LLC, including details of lenders, amounts owed and payment schedules."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably

calculated to lead to the discovery of admissible evidence. Tax returns have been considered confidential pursuant to 26 U.S.C. § 6103. **Gates vs. Wilkinson, 03-cv-763 GLS/DRH, 205 WL 758793 (NDNY 2005)**. Courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with qualified immunity. Said privacy issues equally apply to corporate tax returns. **Sadofsky vs. Siesta Products, LLC., 252 FRD 143 (EDNY 2008)**. Furthermore, discovery of financial records is premature. **Pasternak vs. Dow Kim, 275 FRD 461 (SDNY 2011)**; **McManee vs. Clemens, 09 cv 1647 SJ, 2013 WL 6572899 (EDNY 2013)**, clarified on denial of reconsiderations, **09 cv 1647 (SJ) 2014 WL 12775660 (EDNY 2014)**.

9. "Identify any real estate properties owned or leased by Can Man, LLC and Best Bev, LLC, including the address, current owners or lessees and any transfer of sales of such properties."

**Response:** These answering defendants do not own any real property, however, Can Man, LLC leases a premises from MH II Pennsburg LLC which is located at 2512 Quakertown Road, Pennsburg, PA 18073. Best Bev, LLC leases a premises from Waverly Trade Center LLC which is located at 685 Broad Street Extension, Waverly, NY 14892. Best Bev, LLC also leases a premises from Phoenix Athens, LLC which is located at 101 North Main Street, Athens, PA

10. "Describe any contracts or agreements between Can Man, LLC and Best Bev, LLC including the nature of the agreements and the parties involved."

**Response:** No such agreements exist.

11. "Provide details on any legal proceedings including lawsuits or arbitration involving Can Man, LLC and Best Bev, LLC including the case numbers, jurisdictions and outcomes."

**Response:** The only case that these answering defendants are aware of involves a proceeding in the United States Bankruptcy Court for the Middle District of Pennsylvania

which lists Can Man, LLC and Best Bev, LLC as defendants under Case No. 23-00047-pmm. Said case is in the initial pleadings stage.

Dated: November 18, 2024
       Kingston, New York

                              _____
                              ERIC M. KURTZ, ESQ. # 103869
                              COOK, NETTER, CLOONAN, KURTZ & MURPHY, P.C.
                              *Attorneys for Defendants/*
                              *CAN MAN, LLC d/b/a BEST BEV CO.*
                              *And BEST BEV, LLC*
                              85 Main Street, PO Box 3939
                              Kingston, New York 12402
                              (845) 331-0702

TO:   JOSEPH CHURGIN, ESQ.
        SAVAD CHURGIN
        *Attorneys for Plaintiff*
        55 Old Turnpike Road, Suite 209
        Nanuet, New York 10954

UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

HAPPY HOUR DRINKS COMPANY, INC.,

                             Plaintiff,

-against-

CAN MAN, LLC d/b/a Best Bev Co.,
BEST BEV, LLC and
JOHN DOES 1 through 100

                             Defendants.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

3:24-cv-00047
(TJM/ML)
**SUPPLEMENTAL RESPONSE TO THIRD DEMAND FOR PRODUCTION OF DOCUMENTS**

      The defendants, CAN MAN, LLC d/b/a Best Bev Co. and BEST BEV, LLC, by their attorneys, Cook, Kurtz & Murphy, P.C., as and for their supplemental response to plaintiff's third demand for production of documents dated August 28, 2024, state as follows:

      1.    "Produce all documents related to the dissolution or cessation of operations of Can Man, LLC, including dissolution certificates, Board resolutions and any correspondence regarding the dissolution."

      **Response:**    The defendant, Can Man, LLC, has not dissolved and there are no documents related to any cessation of operations of Can Man, LLC.

      2.    "Provide all financial statements for Can Man, LLC and Best Bev, LLC for the past three years, including any audit reports and tax returns."

      **Response:**    These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.  Tax returns have been considered confidential pursuant to 26 U.S.C. § 6103.  ***Gates vs. Wilkinson, 03-cv-763 GLS/DRH, 205 WL 758793 (NDNY 2005)***.  Courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with qualified immunity.  Said privacy issues equally apply to corporate tax returns.  ***Sadofsky vs. Siesta***

*Products, LLC., 252 FRD 143 (EDNY 2008)*. Furthermore, discovery of financial records is premature. *Pasternak vs. Dow Kim, 275 FRD 461 (SDNY 2011)*; *McManee vs. Clemens, 09 cv 1647 SJ, 2013 WL 6572899 (EDNY 2013)*, clarified on denial of reconsiderations, *09 cv 1647 (SJ) 2014 WL 12775660 (EDNY 2014)*. Without waiving said objections, and subject to them, Can Man, LLC has assets in excess of $1,000,000 and Best Bev, LLC has assets in excess of $50,000,000 with annual gross revenue of approximately $8,000,000.

3. "Produce documents evidencing any transfer of assets or equity between Can Man, LLC and Best Bev, LLC, including asset transfer agreements, bills of sale and related correspondence."

**Response:** These answering defendants did not transfer any material assets between Can Man, LLC and Best Bev, LLC and do not possess any transfer agreements and/or bills of sale.

4. "Provide all bank statements, investment account statements and financial account statements for Can Man, LLC and Best Bev, LLC for the past three years."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Tax returns have been considered confidential pursuant to 26 U.S.C. § 6103. *Gates vs. Wilkinson, 03-cv-763 GLS/DRH, 205 WL 758793 (NDNY 2005)*. Courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with qualified immunity. Said privacy issues equally apply to corporate tax returns. *Sadofsky vs. Siesta Products, LLC., 252 FRD 143 (EDNY 2008)*. Furthermore, discovery of financial records is premature. *Pasternak vs. Dow Kim, 275 FRD 461 (SDNY 2011)*; *McManee vs. Clemens, 09 cv 1647 SJ, 2013 WL 6572899 (EDNY 2013)*, clarified on denial of reconsiderations, *09 cv 1647 (SJ) 2014 WL 12775660 (EDNY 2014)*. Without waiving said objections, and

subject to them, Can Man, LLC has assets in excess of $1,000,000 and Best Bev, LLC has assets in excess of $50,000,000 with annual gross revenue of approximately $8,000,000.

5. "Produce copies of all real estate documents, including deeds, lease agreements and property transfer records for properties owned or leased by Can Man, LLC and Best Bev LLC."

**Response:** Defendants do not own any real property and have not transferred any real property, however, attached hereto as Exhibit "A" is a copy of a lease agreement between Can Man, LLC and MHII Pennsburg LLC dated July 13, 2021 together with a first amendment to lease dated September 13, 2021. Also attached hereto as Exhibit "B" is a lease agreement between Best Bev LLC and Waverly Trade Center LLC dated June 27, 2022. Attached hereto as Exhibit "C" is a copy of a lease agreement between Best Bev LLC and Phoenix Athens, LLC dated June 14, 2023 together with a first amendment to said lease dated March 20, 2024 and a second amendment to said lease dated August 5, 2024. There are no deeds and/or property transfer records that these answering defendants are in possession of. Upon information and belief, any deeds to the properties set forth in the leases above are a matter of public record.

6. "Provide all contracts and agreements between Can Man, LLC and Best Bev, LLC, including any modifications or terminations of these agreements."

**Response:** There are no contracts and/or agreements between Can Man, LLC and Best Bev, LLC.

7. "Produce any documents related to loans or financial obligations of Can Man, LLC and Best Bev, LLC including loan agreements, promissory notes and payment records."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Tax returns have been

considered confidential pursuant to 26 U.S.C. § 6103. *Gates vs. Wilkinson, 03-cv-763 GLS/DRH, 205 WL 758793 (NDNY 2005)*. Courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with qualified immunity. Said privacy issues equally apply to corporate tax returns. *Sadofsky vs. Siesta Products, LLC., 252 FRD 143 (EDNY 2008)*. Furthermore, discovery of financial records is premature. *Pasternak vs. Dow Kim, 275 FRD 461 (SDNY 2011)*; *McManee vs. Clemens, 09 cv 1647 SJ, 2013 WL 6572899 (EDNY 2013)*, clarified on denial of reconsiderations, *09 cv 1647 (SJ) 2014 WL 12775660 (EDNY 2014)*.

8. "Provide copies of all correspondences related to business operations, asset transfers, or financial matters between Can Man, LLC and Best Bev, LLC."

**Response:** There are no correspondences related to business operations, asset transfers or financial matters between Can Man, LLC and Best Bev, LLC.

9. "Produce any documents related to legal proceedings involving Can Man, LLC and Best Bev, LLC including Court filings, judgments and settlement agreements."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, and subject to them, these answering defendants are not aware of any judgments and/or settlement agreements as requested. Upon information and belief, there is a legal proceeding in the United States Bankruptcy Court for the Middle District of Pennsylvania wherein Can Man, LLC and Best Bev, LLC are named as some of a number of defendants. The case number is 23-00047-pmm. Attached hereto as Exhibit "D" are copies of pleadings filed to date along with a Court decision on the initial pleadings and current status of case.

10. "Provide any documents related to the current state of business of Best Bev, LLC, including business plans, marketing materials and operational reports."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited to time or scope, not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and/or privileged material. Notwithstanding said objections and subject to them, the current state of business for Best Bev, LLC, at least with regards to marketing materials, can be viewed online at www.bestbev.co. These answering defendants are not in possession of any written business plans or operational reports other than financial records previously demanded and objected to.

Dated: November 18, 2024
       Kingston, New York

                                      ERIC M. KURTZ, ESQ. # 103869
                                      COOK, NETTER, CLOONAN, KURTZ & MURPHY, P.C.
                                      *Attorneys for Defendants/*
                                      CAN MAN, LLC d/b/a BEST BEV CO.
                                      And BEST BEV, LLC
                                      85 Main Street, PO Box 3939
                                      Kingston, New York 12402
                                      (845) 331-0702

TO:    JOSEPH CHURGIN, ESQ.
          SAVAD CHURGIN
          *Attorneys for Plaintiff*
          55 Old Turnpike Road, Suite 209
          Nanuet, New York 10954