# COOK, KURTZ & MURPHY, P.C.

ATTORNEYS & COUNSELORS AT LAW
85 MAIN STREET
P.O. BOX 3939
KINGSTON, N.Y. 12402
(845) 331-0702

**ERIC M. KURTZ**　　　　　　　　FAX: (845) 331-1003　　　　　　　**ANDREW J. COOK, SR. (1884-1958)**
**THOMAS A. MURPHY**　　　　　e-mail: ekurtz@cookfirm.com　　　**ANDREW J. COOK, JR. (1918-1997)**
**MICHAEL T. COOK**　　　　　　　　www.cookfirm.com　　　　　　**FRANCIS X. TUCKER (1923-1987)**

**JOHN C. BURNS**　　　　　　　　　　　　　　　　　　　　　　　**ROBERT D. COOK (Retired)**
**MATTHEW J. ALGINO**

November 26, 2024

Hon. Miroslav Lovric
Federal Building and US Courthouse
15 Henry Street
Binghamton, New York 13901

Re:   **Happy Hour Drinks Company, Inc. vs. Can Man, LLC d/b/a Best Bev Co., and Best Bev LLC**
      **Case No.: 3:24-cv-00047(TJM/ML)**
      **Our File No.: 2024-116**

Dear Magistrate Judge Lovric:

     I submit this letter as a revised status report on behalf of the defendants.  Pursuant to the Court's text order, the parties participated in a three hour mediation hearing before attorney Terrance O'Connor on November 25, 2024.  Present at this mediation were principals of the plaintiff and the defendants along with representatives from defendants' insurance carrier, Cincinnati Insurance.  It became apparent that the parties have vastly different opinions with respect to the provable damages in this action considering the total investment into the creation and running of Happy Hour was, according to plaintiff, $5,000,000.  Since the Second Circuit frowns upon speculative damages such as potential profits somewhere down the road, it did not appear to the mediator that such a large gap could be closed.  Additionally, at this mediation, we were advised by coverage counsel for Cincinnati Insurance that it intends on filing a Declaratory Judgment action in the State of Pennsylvania.  This will, obviously, be rigorously opposed by the defendants but certainly makes it more difficult to settle this action short of a trial.

     It is anticipated that plaintiff will continue to insist on obtaining defendants financials which defendants have opposed, citing, at the very least, the demands are premature as no judgment has been obtained against either defendant.  As I noted in my correspondence to the Court on November 18, 2024, based upon a meet and confer, supplemental responses were provided to plaintiff wherein defendants offered to provide an affidavit setting forth the approximate value of the assets owned by each defendant along with the current yearly gross revenue for defendant Best Bev, LLC (Can Man, LLC has not produced any product in 2024).  Disclosure of defendants' financial records **including account numbers and financial institutions, loans including details of lenders, amounts owed and payment schedules, audit reports and tax returns** is completely improper and contrary to case law in the Second Circuit.  Defendants continue to

object to such disclosure as it is beyond that which is permitted in the Second Circuit at this point in the litigation. Defendants have already provided plaintiff will all of their leases, the names of the original members and current members of each LLC along with their residency and information with regards to the monies spent in constructing the production facility that was utilized to produce plaintiff's product.

Plaintiff's deposition has been set for December 11th and we are awaiting word from plaintiff's counsel as to who they wish to depose from the defendants and when. With respect to the reference about another customer by the name of Neatly Spiked, plaintiff has not provided defendants with any photos or documents relating to the purported leaking cans. As noted in my correspondence of November 18, 2024, defendants continue to search for any additional documentation relevant to this new revelation and have already indicating that they have no objection to disclosing any such records even if the cause of the leaking Neatly Spiked cans have nothing to do with the causes of plaintiff's leaking cans (despite the Court's directive that defendants need only respond to document demands for leaking cans caused by claims similar to what are alleged in plaintiff's complaint). Neatly Spiked is a vodka infused drink, not tequila based, as the plaintiff's product is.

As set forth by plaintiff's counsel in his status report, I await the Court's determination on whether the December 3, 2024 hearing date remains on the Calendar or is postponed until such time as the motion to compel and opposition are submitted. I thank the Court for its attention to this matter.

Very truly yours,

COOK, KURTZ & MURPHY, P.C.

*[signature]*

ERIC M. KURTZ

EMK:tmr

cc:   Joseph A. Churgin, Esq.
      Savad Churgin