UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

HAPPY HOUR DRINKS COMPANY, INC.,          3:24-cv-00047
                                                                 (TJM/ML)
                             PLAINTIFF,

    -against-

CAN MAN, LLC d/b/a Best Bev Co.,          **AFFIDAVIT IN SUPPORT**
BEST BEV, LLC and
JOHN DOES 1 through 100
                           DEFENDANTS.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

STATE OF NEW YORK)
                     :SS:
COUNTY OF ULSTER)

ERIC M. KURTZ, being duly sworn, deposes and says:

      1.     That he is an attorney and counselor of law, and a member of the law firm of Cook, Kurtz & Murphy, P.C., attorneys for the defendants, Can Man, LLC d/b/a Best Bev Co. and Best Bev, LLC (hereinafter referred to as the "defendants"), and as such, is fully familiar with the facts and circumstances surrounding this action.

      2.     That this affidavit is submitted in support of the defendants' appeal of Magistrate Judge Miroslav Lovric's decision and order dated January 21, 2025 (compelling defendants to disclose privileged and confidential financial information) pursuant to Rule 72.1(b) of the Federal Rules of Civil Procedure and seeking an order of this Court vacating or amending said decision and order and granting a stay of enforcement of said decision and order pending a determination of this appeal by this Court.

      3.     Plaintiff brings this complaint against Defendants Can Man, LLC and Best Bev, LLC for claims of negligence, unjust enrichment, fraudulent misrepresentation, and fraudulent concealment (Doc. No. 1, at pages 7-14). Plaintiff is seeking damages resulting from production runs of plaintiff's tequila based ready to drink alcoholic beverage that occurred in November

2022, April 2023, and July 2023 and further alleges that these failed runs nearly resulted in Plaintiff's bankruptcy (*Id.* at pages 14-15).

4.      On August 28, 2024 Happy Hour Drinks Company, Inc. (hereinafter "Plaintiff") served a third set of discovery demands seeking, essentially, all of the financial records of the defendants for a three year period including tax returns, bank account numbers, loan information, profit and loss statements, etc. A copy of said demands is attached hereto as Exhibit "A". On September 26, 2024 defendants served their responses which included disclosure of property ownership and/or leases for various properties, information concerning the individual members of both LLCs at formation and currently and objections to the disclosure of certain financial information (plaintiff is already in possession of documentation concerning the purchase of equipment to build the production line and the costs for the same as well as certain customer documentation including shipping logs as a result of previous disclosure demands). A copy of said responses (without attached exhibits) is attached hereto as Exhibit "B". After a required "meet and confer", supplemental responses were provided on November 18, 2024. A copy of said supplemental responses is attached hereto as Exhibit "C".

5.      On December 19, 2024, plaintiff filed a motion to compel further responses to demand numbers 2, 4 and 7 in its' third demand for documents and further responses to interrogatory numbers 2, 6, 7 and 8 by way of a letter motion submitted to Magistrate Judge Miroslav Lovric (see Docket No. 59). Defendants filed their opposition on January 6, 2025 (see Docket No. 60).

6.      Plaintiff argues that it needs defendants financial records for two reasons: first, plaintiff states that it "needs documentation on this issue to understand the financial viability of the Defendants in this case, particularly in light of Plaintiff's alter ego allegations"; and second,

"financial documents are particularly relevant because Defendants' insurance carrier, Cincinnati Insurance Group ("CIG"), intends to file a declaratory judgment action seeking to avoid coverage for Happy Hour's claims in this litigation" (see Docket No. 59 at page 1). Essentially, plaintiff is looking to see if it can collect if it succeeds in obtaining a money judgment.

7.   Discovery to date has been extensive and has revealed that from March of 2021 up until June of 2022, the defendant, Can Man, LLC had performed at least four (4) production runs at its Pennsylvania facility involving Plaintiff's product without any issue. The first issue was discovered by employees of Can Man, LLC in September of 2022 and Plaintiff was immediately notified of the same (that being a discovery of pinhole leaks in inventory stored at Can Man's facility in the State of Pennsylvania). In late September and early October of 2022 another production run was performed by Can Man, LLC. Shortly after that production run Can Man, LLC was observing leaking cans for a number of its customers that were not pinhole leaks but, rather, leaks in the seams of the cans which resulted in emails which were previously disclosed to Plaintiff. Having experienced this issue in the fall of 2022, Plaintiff retained a second co-packer in Las Vegas Nevada to produce its product with the first production run occurring in December of 2022. This second co-packer went on to perform approximately three additional production runs in 2023 without any leaking issue. During this time, Can Man LLC continued to investigate the cause of the pinhole leaks, requesting the specs for the aluminum cans provided by plaintiff through a manufacturer by the name of Ardagh and sending out samples of Plaintiff's product to a lab to determine the copper and dissolved oxygen levels. Both Plaintiff and Can Man, LLC were incurring costs (Plaintiff having to buy back damaged products and Can Man, LLC not receiving payments for the production runs). Despite these issues, at least two additional production runs were performed. The first was performed by Can Man, LLC in April of 2023, however, despite the changes to the formula, Plaintiff claims

that the product continued to leak from the cans. By June of 2023, Can Man, LLC was winding down its production and Best Bev, LLC was opening up a new, larger, faster production facility in Waverly, New York. Best Bev, LLCs one and only production run for the Plaintiff occurred in July of 2023 but resulted in a defective seam in the cans. Plaintiff was notified of this issue and documentation concerning that issue has already been exchanged. Plaintiff was never invoiced for that final production run by Best Bev, LLC. According to the Plaintiff, its business shut down in mid-November of 2023. Thus, from the above information one can conclude that the issues in this case involve four production runs performed between June of 2022 and July of 2023.

8. Although some depositions of former employees of Can Man, LLC have or are being taken, plaintiff has not taken the deposition of any current officer or employee of either Can Man, LLC or Best Bev, LLC nor did plaintiff amend its pleadings within the time frame permitted by the Court to add any additional parties and/or members of either defendant LLC.

9. The financial disclosure requested will not lead to any relevant evidence with respect to how or why cans of plaintiff's product leaked or liability concerning the same. The financial disclosure requested will not lead to any relevant evidence as to the entity or entities legally responsible for the alleged damages incurred by the plaintiff. Both LLC's are already named defendants in the action and both LLC's were involved in production runs of plaintiff's product that resulted in leaking cans of plaintiff's product for one reason or another.

10. As is more particularly set forth in the memorandum of law, the Second Circuit has routinely denied discovery of tax returns considering discovery of the same to be the exception, not the rule. More importantly, when less intrusive means to obtain the same information is available (such as by affidavit or deposition as offered by the defendants in the case at bar) discovery of tax returns, bank account statements, loan documents and profit and loss statements should be denied.

**WHEREFORE**, the defendants, Can Man, LLC d/b/a Best Bev Co. and Best Bev, LLC, respectfully request an Order of this Court, preliminarily granting their motion to stay enforcement of Magistrate Judge Lovric's decision and order to compel discovery dated January 21, 2025 and further reversing Magistrate Judge Lovric's decision and order and denying plaintiff's motion to compel together with such other and further relief as this Court deems just, proper, and equitable.

_____
ERIC M. KURTZ

Sworn to before me this 3rd
day of February, 2025.

_____
NOTARY PUBLIC

TINA M. ROBINSON
Notary Public, State of New York
No. 01RO6110051
Qualified in Ulster County
Commission Expires May 24, 2028