# SAVAD | CHURGIN
## ATTORNEYS AT LAW

Paul Savad (1941-2020)
Joseph A. Churgin

Of Counsel
Susan Cooper
Donna Sobel

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

(845) 624-3820
Fax: (845) 624-3821

February 12, 2025

Hon. Magistrate Judge Miroslav Lovric
U.S. District Court Northern District Of New York
15 Henry Street
Binghamton, NY 13901

RE: Happy Hour Drinks Company, Inc. v. Can Man, LLC et al.
Case No. 3:24-cv-00047-TJM-ML

Your Honor:

We represent the plaintiff Happy Hour Drinks Company, Inc., in the above action. This status report is submitted on behalf of the Plaintiff pursuant to the Court's direction. (ECF No. 64).

The Parties are making substantial progress in diligently completing discovery in this matter. To date, the depositions of multiple Happy Hour representatives and former employees of Defendants have taken place, specifically: Matthew Novian of Happy Hour (12/11/24), Andrew Zimmerman formerly of Defendants (12/16/24, 2/4/25, 2/5/25), Anthony Ciocci formerly of Defendants (2/5/25), and Matthew Morton of Happy Hour (2/12/25). Plaintiff is working on responding to Defendants' second set of discovery responses presently due on 2/14/25. Plaintiff is also working on scheduling depositions of Tyler Mondoc, a former Quality Control Manager of the Defendants, and Fed. R. Civ. P. 30(b)(6) depositions of the defendant entities in late February and March, depending on witness and counsel availability.

Defendants have yet to comply with the Court's order on the motion to compel dated January 21, 2025 (ECF No. 64) and compliance has now been extended to March 11, 2025 (ECF No. 69) in light of Defendants' pending Fed. R. Civ. P. 72 motion (ECF No. 67). Plaintiff will be filing an opposition brief by the February 18, 2025 deadline. It is additionally worth noting, as Defendants' counsel already has noted (ECF No. 66), that the carrier in this action, Cincinnati Insurance Group, has filed a declaratory relief action against Defendants in the Eastern District of Pennsylvania (E.D. Pa. Case No. 2:25-cv-00418-MKC, filed 1/24/25), which is ongoing. Defendants are anticipated to argue that there will be insurance coverage for the negligence aspects of the

1

claims in this action (*See* ECF No. 67-5 at p. 4:9-23 [Mr. Kurtz stating, in relevant part: "We're pretty confident that there will be coverage even if an action is brought at least on the negligence aspects of the claims here. . . ."]), but the declaratory relief action is in the early stages.

In light of the fast-approaching deadlines in this matter, particularly the deadline for plaintiffs to make expert disclosures (2/14/25; *see* ECF No. 44), Plaintiffs respectfully request an additional modification of the Court's schedule by 60 days for good cause. *Kassim v. City of Schenectady*, 221 F.R.D. 363, 366 (S.D.N.Y. 2003) (internal citation marks and citation omitted) ("Good cause may be established if the moving party can demonstrate that the deadlines cannot reasonably be met despite the diligence of the party needing the extension"). Despite Plaintiff's diligence in taking the above-referenced depositions and pursuing further written discovery from Defendants, including by way of motion to compel, Plaintiff cannot reasonably complete their initial expert disclosures by February 14, 2025. The outstanding depositions and compelled discovery is necessary for Plaintiff's expert evaluation of liability and damages. Defendants will suffer no prejudice with an extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.")

Accordingly, for good cause appearing, Plaintiff respectfully requests a modification to the Court's scheduling order (ECF No. 44) by an additional 60 days on all deadlines. This would change the deadlines to:

- Plaintiff Expert Disclosure Deadline is 4/15/2025
- Defendants Expert Disclosure Deadline is 5/16/2025
- Rebuttal Expert Disclosure Deadline is 5/30/2025
- All Discovery, including all depositions, shall be completed by 6/27/2025
- Dispositive motions shall be filed by 7/28/2025.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Joseph Churgin*

JOSEPH A. CHURGIN
JAC/mc
cc:   Eric Kurtz, Esq.
      Happy Hour Drinks Company, Inc.