# SAVAD | CHURGIN
## ATTORNEYS AT LAW

**Paul Savad (1941-2020)**
**Joseph A. Churgin**

**Of Counsel**
**Susan Cooper**
**Donna Sobel**

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

(845) 624-3820
Fax: (845) 624-3821

September 5, 2025

Hon. Magistrate Judge Miroslav Lovric
U.S. District Court Northern District Of New York
15 Henry Street
Binghamton, NY 13901

RE:   Happy Hour Drinks Company, Inc. v. Can Man, LLC et al.
      Case No. 3:24-cv-00047-TJM-ML

Your Honor:

We represent the plaintiff Happy Hour Drinks Company, Inc., in the above action. Plaintiff respectfully requests an additional modification of the Court's schedule by 30 days for good cause. *Kassim v. City of Schenectady*, 221 F.R.D. 363, 366 (S.D.N.Y. 2003) (internal citation marks and citation omitted) ("Good cause may be established if the moving party can demonstrate that the deadlines cannot reasonably be met despite the diligence of the party needing the extension"). Defendant's counsel has indicated that he will not oppose this request.

The Parties have made substantial progress in diligently completing discovery in this matter. To date, the following depositions have taken place: Matthew Novian of Happy Hour (12/11/24), Andrew Zimmerman formerly of Defendants (12/16/24, 2/4/25, 2/5/25), Anthony Ciocci formerly of Defendants (2/5/25), Matthew Morton of Happy Hour (2/12/25), Tyler Mondoc formerly of Defendants (3/26/25, 3/27/25).

Additionally, the Parties have noticed and met and conferred about the 30(b)(6) depositions for each of the two Defendants. The District Court has yet to rule on Defendants' appeal (ECF No. 67) and has stayed Defendant's compliance deadline until the motion is decided (ECF No. 75). Plaintiff's expert will require the financial documents at issue in that motion in order to complete the expert report. Assuming they are compelled to be produced, these financial documents will also be pertinent to several of the topics in the 30(b)(6) depositions of the two Defendants. Above and beyond all this, Plaintiff's expert requires additional time due to personal circumstances.

Despite Plaintiff's diligence in taking the above-referenced depositions and pursuing further written discovery from Defendants, including by way of motion to compel, Plaintiff cannot reasonably complete their initial expert disclosures by September 12, 2025. The outstanding 30(b)(6) depositions and compelled discovery is necessary for Plaintiff's expert evaluation of liability and damages, and Plaintiff's expert requires additional time due to personal circumstances. Defendants will suffer no prejudice with an extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.")

The current deadlines are (Dkt. No. 82):

- Plaintiff Expert Disclosure Deadline is 9/12/2025
- Defendants Expert Disclosure Deadline is 10/15/2025
- Rebuttal Expert Disclosure Deadline is 10/29/2025
- All Discovery, including all depositions, shall be completed by 11/26/2025
- Dispositive motions shall be filed by 12/23/2025.

The requested extension would continue the deadlines to:

- Plaintiff Expert Disclosure Deadline is 10/15/2025
- Defendants Expert Disclosure Deadline is 11/14/2025
- Rebuttal Expert Disclosure Deadline is 12/2/2025
- All Discovery, including all depositions, shall be completed by 12/30/2025
- Dispositive motions shall be filed by 1/23/2026.

We thank the Court for its attention to this matter.

*[signature]*

JOSEPH A. CHURGIN
JAC/mc
cc:   Eric Kurtz, Esq.
      Happy Hour Drinks Company, Inc.