# SAVAD | CHURGIN
## ATTORNEYS AT LAW

Paul Savad (1941-2020)
Joseph A. Churgin

**Of Counsel**
Susan Cooper
Donna Sobel

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

(845) 624-3820
Fax: (845) 624-3821

October 29, 2025

Hon. Magistrate Judge Miroslav Lovric
U.S. District Court Northern District Of New York
15 Henry Street
Binghamton, NY 13901

RE: Happy Hour Drinks Company, Inc. v. Can Man, LLC et al.
Case No. 3:24-cv-00047-TJM-ML

Your Honor:

This status report is submitted on behalf of plaintiff Happy Hour Drinks Company, Inc. per the Court's October 22, 2025, Order. Dkt. No. 97. Plaintiff's counsel continued to confer in good faith and attempted to resolve the issues raised in Happy Hour's October 22, 2025, status report. Dkt. No. 97. However, several issues remain and because they are narrow in scope, Plaintiff respectfully requests that the Court issue a decision without the need for full briefing and a hearing, since the issues pertain to an already briefed motion, a decision from this court, and the district court's Decision & Order (Dkt. No. 90).

In particular, Defendants have been ordered to comply with RFPs 2 and 4 from Plaintiff's Third Set of Interrogatories[1], but are withholding their 2024 tax returns, bank statements from April 2024 to the present, and financial statements (such as balance sheets and profit and loss statements) for the past three years to the present.

The district court's Decision & Order (Dkt. No. 90) did not provide any limitations on Defendants' compliance with RFPs 2 and 4. To the extent that the district court left open the analysis of providing tax returns, Defendants

---

1 See Dkt. No. 59 at pp. 3-4 (RFP No. 2: "Provide all financial statements for Can Man, LLC and Best Bev, LLC for the past three years, including any audit reports and tax returns.") (RFP No. 4: "Provide all bank statements, investment account statements and financial account statements for Can Man, LLC and Best Bev, LLC for the past three years.")

simply agreed to comply, without qualification, in their October 15, 2025, status letter (Dkt. No. 94), and therefore waived any arguments. Since that attestation to the Court, Defendants actually produced certain tax returns, further waiving any objections previously made. It was not until Plaintiff received Defendants' production on October 21, 2025, that Plaintiff realized Defendants were withholding key documents.

Instruction No. 5 of Plaintiff's RFPs plainly states: "These requests are ongoing and continuing in nature to the extent provided in Federal Rule of Civil Procedure 26(e), and require supplemental production by defendants in the event they acquire, create, or identify additional responsive documents between the time of initial production and the time of trial." For RFP No. 2, even in 2024 when the requests were initially served, the "past three years" includes 2024 for the tax returns. Defendants' counsel represented in a meet and confer call on October 29, 2025, that tax returns were indeed filed for 2024 but that they would <u>not</u> be produced.

Defendants' counsel argued that the alter ego analysis stops when the parties stopped doing business together in 2023. This argument is nonsensical because the alter ego analysis is ongoing to the present if Defendants continue to commingle assets. The fact that Defendants are unwilling to produce their 2024 tax return, bank statements past April 2024, and financial statements for the past three years to the present suggests that they are hiding evidence of commingling and asset transfers that are ongoing. Alter ego has been deemed an appropriate subject for discovery and is squarely within the Court's Decision & Order (Dkt. No. 90).

Another reason to reinforce the compelled production of Defendants' 2024 tax returns, bank statements from April 2024 to the present, and financial statements for the past three years to the present is that it would be inefficient for Plaintiff to ask for these documents again in another set of RFPs or subpoenas. Defendants would have no valid objections and would be continuing to withhold production primarily for purposes of delay.

For the foregoing reasons, Plaintiff asks that the Court order Defendants to produce their 2024 tax returns, bank statements from April 2024 to the present, and financial statements for the past three years to the present.

Respectfully submitted,

*[signature]*

JOSEPH A. CHURGIN
JAC/dk
cc:   Eric Kurtz, Esq.
      Happy Hour Drinks Company, Inc.