# COOK, KURTZ & MURPHY, P.C.
ATTORNEYS & COUNSELORS AT LAW
85 MAIN STREET
P.O. BOX 3939
KINGSTON, N.Y. 12402
(845) 331-0702

| | | |
|---|---|---|
| ERIC M. KURTZ | FAX: (845) 331-1003 | ANDREW J. COOK, SR. (1884-1958) |
| THOMAS A. MURPHY | e-mail: ekurtz@cookfirm.com | ANDREW J. COOK, JR. (1918-1997) |
| MICHAEL T. COOK | www.cookfirm.com | FRANCIS X. TUCKER (1923-1987) |
| JOHN C. BURNS | | _____ |
| | | ROBERT D. COOK (Retired) |

October 29, 2025

Hon. Miroslav Lovric
Federal Building and US Courthouse
15 Henry Street
Binghamton, New York 13901

Re: **Happy Hour Drinks Company, Inc. vs. Can Man, LLC d/b/a Best Bev Co., and Best Bev LLC**
**Case No.: 3:24-cv-00047(TJM/ML)**
**Our File No.: 2024-116**

Dear Magistrate Judge Lovric:

I submit this letter as a status report on behalf of the defendants. Pursuant to your text order filed October 22, 2025 (Docket No. 97), this is to advise that defendants have provided plaintiff's counsel with the financial records from inception through August of 2024 and tax returns for both defendants through 2023 as demanded by plaintiff in its previously submitted demand for documents and this Court's order, subject, of course, to the protective order and "attorneys eyes only" limitations concerning the same. The parties have met and conferred with respect to plaintiff's claims that it is now entitled to additional financial records, including up through October of 2025 and the 2024 tax returns and we were unable to resolve our differences. As a non-publicly traded business, Defendants do not have profit and loss statements or audit reports.

Defendants object to producing financial records beyond the three-year period previously ordered by the Court, as such records are not relevant to the claims or defenses in this case. The Court's order dated January 21 (see page 17 of the 1/21/25 hearing transcript) and the District Court's decision (see page 8, referencing Magistrate Lovric's reliance on the alter ego theory) limited discovery to the three-year period during which Defendants had a business relationship based upon a claim of "alter ego" status. The reasoning for current financial records would only be to establish an ability to pay a judgment. The Second Circuit has held that post-litigation financial records are not discoverable for the purpose of determining ability to pay a judgment until after a judgment is obtained. See EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012). Therefore, Defendants object to any further production as irrelevant and not proportional to the needs of the case.

Plaintiff argues that pursuant to Rule 26(e), even though a specific time period was set forth in it's demand to produce, Defendants are required to continue to provide financial

statements every month beginning with September of 2024 and continuing right through trial. Defendants take the position that they are only required to supplement discovery for the three-year period previously identified, and will do so if additional responsive documents are found. There is no Court order requiring ongoing production of new documents beyond this period. The Court's order (January 21, 2025 transcript, page 17) and the District Court's decision (page 8) confirm that discovery is limited to this timeframe. See Fed. R. Civ. P. 26(e); see also In re Weatherford Int'l Sec. Litig., No. 11 Civ. 1646 (LAK) (JCF), 2013 WL 5788680, at *2 (S.D.N.Y. Oct. 28, 2013) (supplementation does not require production of documents created after the relevant period).

The financial records already produced show that Can Man, LLC and Best Bev, LLC are separate entities, and there is no evidence of improper asset transfers. There has been no commingling of assets as alleged by Plaintiff's counsel. Producing current bank statements is not relevant to liability. Defendants have produced financial records that are nearly a year after their relationship with Plaintiff ended as well as eight months after this litigation was commenced over strenuous objection. Any potential claim concerning an "alter ego" would have occurred during the timeframe of records already produced as Can Man, LLC has not had a production run since December of 2023 (but still has a leased facility in Pennsylvania) and Best Bev, LLC has been operating out of its own facility in Waverly, New York since June of 2023 (with equipment it purchased, not provided by Can Man). Can Man LLC's last production run for Plaintiff occurred in the Spring of 2023 and Best Bev LLC's only production run for Plaintiff occurred in the Summer of 2023.

The parties are seeking the Court's determination as to whether or not there is any time limit to disclosure of financial records or if they are going to be required to provide updated monthly records through trial (although, again, Defendants are fully aware of their requirement to produce any additional financial records that are discovered that cover the time period previously ordered by the Court to be produced). Otherwise, the parties continue to proceed with completing discovery within the parameters previously ordered by the Court..

Very truly yours,

COOK, KURTZ & MURPHY, P.C.

ERIC M. KURTZ

EMK:tmr

cc: Joseph A. Churgin, Esq.
    Savad Churgin