# COOK, KURTZ & MURPHY, P.C.
ATTORNEYS & COUNSELORS AT LAW
85 MAIN STREET
P.O. BOX 3939
KINGSTON, N.Y. 12402
(845) 331-0702
FAX: (845) 331-1003
e-mail: ekurtz@cookfirm.com
www.cookfirm.com

ERIC M. KURTZ
THOMAS A. MURPHY
MICHAEL T. COOK
JOHN C. BURNS

ANDREW J. COOK, SR. (1884-1958)
ANDREW J. COOK, JR. (1918-1997)
FRANCIS X. TUCKER (1923-1987)

ROBERT D. COOK (Retired)

January 27, 2026

Hon. Miroslav Lovric
Federal Building and US Courthouse
15 Henry Street
Binghamton, New York 13901

Re: **Happy Hour Drinks Company, Inc. vs. Can Man, LLC d/b/a Best Bev Co., and Best Bev LLC**
**Case No.: 3:24-cv-00047(TJM/ML)**
**Our File No.: 2024-116**

Dear Magistrate Judge Lovric:

I submit this letter as a request for an additional modification of the Court's schedule order for good cause. *Kassim v. City of Schenectady, 221 F.R.D. 363.366 (S.D.N.Y. 2003) (internal citation marks and citation omitted)*("Good cause may be established if the moving party can demonstrate that the deadlines cannot reasonably be met despite the diligence of the party needing the extension"). After meeting and conferring with Plaintiff's counsel, they have consented to the filing of a joint letter outlining the circumstances surrounding this request.

The parties are continuing to make substantial progress in diligently completing discovery in this matter with the only remaining discovery involving depositions of four witnesses employed by the defendants and expert depositions of both of plaintiff's experts. There are no other outstanding discovery issues.

For a variety of reasons, mostly personal in nature, I have stepped down from my position as a principal of the firm and have removed myself from all litigation matters. This information was provided to the defendants who have been actively seeking new counsel and recently retained Paul T. Sheppard, Esq. of the Binghamton firm Hinman, Howard and Kattell to be substituted in subject, of course, to the Court's approval. I had expected to have the consent filed by Monday assuming the snow storm did not prevent me from reaching my office (which it turns out it did). I have had frequent contact with plaintiff's counsel concerning the scheduling of the remaining depositions since January 16th and the necessity for new counsel to be substituted in. Both Mr. Sheppard and I have signed the consent form and are awaiting the defendants' signature to file with the Court pursuant to the Local Rules. Unfortunately, Mr. Sheppard is currently working from home due to a recent knee replacement surgery his wife underwent which requires him

to be her personal care provider for the next few weeks and he himself is scheduled for a surgical procedure on March 11, 2026.

The current deadlines are (Dkt. No.107):

1. All Discovery, including all depositions, shall be completed by 01/30/2026
2. Dispositive motions shall be filed by 2/27/2026.

The defendants requested extension would continue the deadlines to:

1. All Discovery, including all depositions, shall be completed by 4/30/2026
2. Dispositive motions shall be filed by 5/29/2026.

### *Plaintiff's position on defendants' request is as follows:*

While Plaintiff appreciates the personal circumstances of Mr. Sheppard and his wife, and Mr. Kurtz's personal circumstances, Plaintiff is suspicious of the timing of the substitution and would be prejudiced by further delay. The parties in Cincinnati Insurance Company's declaratory judgment action in the Eastern District of Pennsylvania settled that case in November 2025, resulting in dismissal with prejudice on November 17, 2025. With no coverage dispute remaining, Cincinnati no longer had reason to fund Mr. Kurtz's defense of the defendants. Mr. Kurtz could have - and should have – been substituted out nearly two months ago. Instead, defendants waited until the week of the discovery deadline to effectuate this change. The timing is not in good faith and Plaintiff believes it to be a delay tactic.

Plaintiff has been seeking the depositions of defendant's client representatives since April 2025. Plaintiff has been prepared to take these depositions for months. Plaintiff noticed them for specific dates and was ready to complete the depositions and finalize discovery by January 30. 2026, per the Court's most recent order. Plaintiff took the deposition of defendants' expert, Philip Green, on January 22, 2026 and was prepared to take the remaining depositions the week of January 26, 2026 until Mr. Kurtz confirmed on January 23rd that the deponents would not appear. Plaintiff reserves the right to compel appearances of these four deponents.

The discovery completion deadline has already been moved multiple times at defendants' request and due to defendant's conduct. In the most recent order (Dkt. No. 107), the Court was unequivocal that there would be no further extensions. Now, new counsel seeks to come in at the eleventh hour to delay this case yet again without good cause.

If the Court grants any extension – which Plaintiff opposes – Plaintiff should not be prejudiced by defendants' tactical substitution of counsel. Specifically, Plaintiff should be permitted to complete the four depositions it has properly noticed and sought since April 2025 (Can Man 30 (b)(6), Best Bev 30 (b)(6), Casey Parzych, and Shawn Sheehan). And defendants should not be permitted to seek any additional discovery beyond the depositions noticed before the January 30, 2026 deadline. Defendant have only noticed two remaining depositions of plaintiff's experts, Robert Iezzi and Ronald Quintero, on January 23, 2026.

Allowing new counsel to conduct additional discovery beyond the two noticed depositions would give defendants carte blanche to bombard Plaintiff with new written discovery requests and

deposition notices for testimony that could have been sought months ago. This would reward defendants for their dilatory conduct and the strategic timing of the substitution.

For these reasons Plaintiff opposes any extension of the discovery deadline and reserves the right to seek relief from the cancellation of the above described four depositions. However, if the Court grants an extension over Plaintiff's objection, Plaintiff requests that:

1. The extension be limited to 30 days maximum (through February 27, 2026 for the discovery cutoff and March 27, 2026 for the dispositive motion cutoff)
2. Plaintiff be permitted to complete the remaining four depositions it has noticed (Can Man 30 (b)(6), Best Bev 30 (b)(6), Casey Parzych, and Shawn Sheehan).
3. Defendants be prohibited from serving any new discovery requests or noticing any depositions not already noticed as of January 30, 2026 (which include only the depositions of Plaintiff's experts, Robert Iezzi and Ronald Quintero); and
4. All other case deadlines remain unchanged.

### Defendants' Reply to Plaintiff's position is as follows:

Some context is necessary based upon Plaintiff's position. Not all delays have been at defendants' requests. Two of the last three requests for extensions have been by the Plaintiff for the expert witness, Mr. Quintero. The parties have, for the most part, been understanding with respect to the need to have sufficient time for each side to be appropriately prepared. We all understand that sometimes circumstances require this due to the nature of litigation and the other matters we are handling. As a recent example, depositions could not be conducted in December as Plaintiff's counsel was actively engaged in trial on a significant case in the State of California and I was away for the first two weeks of January. Although I just noticed the expert witness depositions on January 23rd, I had reached out to plaintiff's counsel on January 2nd seeking dates that they would be available.

More importantly, Cincinnati Insurance Company ceased providing for a defense in this matter in November of last year. For a period of approximately 30 days my firm was in discussion with the defendants concerning continuing representation of the defendants in this matter. By the middle of December it was determined that my firm could not continue with my departure from the litigation practice and defendants began interviewing a number of law firms, finally agreeing to terms with Mr. Sheppard's firm on or about January 19th (less than 30 days after my firm advised defendants that it would not be willing to provide further representation in this matter). Since this is not a simple car accident or fall down case and there are literally thousands of pages of documents that need to be reviewed by incoming counsel in order to provide meaningful representation to the defendants, it is defendants position that a 90 day extension would be needed to avoid prejudice to the defendants without substantially delaying Plaintiff from prosecuting it's case, especially considering incoming counsel's current personal issues.

I thank the Court for its attention to this matter.

Very truly yours,

COOK, KURTZ & MURPHY, P.C.

*E. M. K.*

ERIC M. KURTZ

EMK:tmr

cc:   Joseph A. Churgin, Esq.
      Savad Churgin