**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HAPPY HOUR DRINKS COMPANY, INC.,

Plaintiff,

-against-

CAN MAN, LLC d/b/a Best Bev Co.;
BEST BEV, LLC and
JOHN DOES 1 through 100,

Defendants.

Case No. 3:24-cv-00047
(ECC/ML)

---

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND JOIN PARTIES

---

Paul T. Sheppard, Esq.
NDNY Bar Roll No. 102596
HINMAN, HOWARD & KATTELL, LLP
80 Exchange Street
P.O. Box 5250
Binghamton, NY 13902-5250
Telephone: (607) 231-6729
Email: sheppard@hhk.com
*Attorneys for Defendants*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ........................................................................ 2

LEGAL ARGUMENT ........................................................................ 6

I. PLAINTIFF'S REQUEST FOR LEAVE TO ASSERT AN "ALTER EGO" OR "DE FACTO SUCCESSOR" CLAIM AGAINST BEST BEV, LLC SHOULD BE DENIED................ 6

A. Legal Standard ........................................................................ 6

B. Plaintiff Has Not Established Good Cause for Its Failure to Timely Move for Leave to Amend Its Complaint as Against Best Bev, LLC ........................................................................ 7

II. PLAINTIFFS REQUEST FOR LEAVE TO "PIERCE THE CORPORATE VEIL" OF CAN MAN, LLC AND BEST BEV, LLC AND ASSERT "ALTER EGO" CLAIMS AGAINST THREE NEW DEFENDANTS SHOULD BE DENIED ............ 9

A. The Trust is not a Proper Defendant.................................. 10

B. Lack of Allegations Regarding Citizenship....................... 10

C. Inadequate Allegations Regarding "Piercing the Corporate Veil" of All Relevant Entities........................... 12

D. Happy Hour Does Not Apply the Correct Law in its Analysis........................................................................ 12

CONCLUSION ........................................................................ 16

# TABLE OF AUTHORITIES

## Cases

*Allison v. Clos-ette Too, L.L.C.*, 2015 U.S. Dist. LEXIS 2826 (S.D.N.Y. 2015) ....11

*Alvarez & Marshal Global Forensic & Dispute Servs., LLC v. Cohen-Cole*, 2014 U.S. Dist. LEXIS 21574 (S.D.N.Y. 2014) ....13

*Avant Capital Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) ....12

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47 (2d Cir. 2015) ....12

*Centauro Liquid Opportunities Master Fund, L.P. v. Bazzoni*, 2016 U.S. Dist. LEXIS 136024 (S.D.N.Y. 2016) ....15

*Cesar Castillo, Inc. v. Healthcare Enters, L.L.C.*, 2020 U.S. Dist. LEXIS 56130, *12-13 (Dist. V.I. 2020) ....18

*Cf. Phelan v. Campbell*, 2013 U.S. App. LEXIS 65 (2d Cir. 2013) ....9

*Cf. Phelan v. Campbell*, 2012 U.S. Dist. LEXIS 15375 (N.D.N.Y. 2012) ....9

*Cf. Phelan v. Campbell*, 2012 U.S. Dist. LEXIS 15392 (N.D.N.Y. 2012) ....9

*Donastorg v. Daily News Publishing Co., Inc.*, 63 V.I. 196 (Super. Ct. 2015) ....18

*Fletcher v. Atex, Inc.,* 68 F.3d 1451 (2d Cir. 1995) ....14

*Fletcher-Harlee Corp. v. Szymanski,* 936 A.2d 87, (Pa. Super. 2007) ....16

*Garcia v. Paris Maintenance*, 2016 U.S. Dist. LEXIS 60111 (E.D.N.Y. 2016) ....14

*Holmes v. Grubman*, 568 F.3d 329 (2d Cir. 2009) ....6

*In re Hoosick Falls PFOA Cases,* 431 F. Supp.3d 69 (N.D.N.Y. 2020) ....15

*Kruglov v. Copart of Conn., Inc*., 771 Fed. Appx. 117 (2d Cir. 2019) ....13

*Lumax Indus., Inc. v. Aultman*, 669 A.2d 893 (Pa. 1995) .... 15, 16

*Matheson v. V.I. Cmty. Bank Corp*., 297 F. Supp, 2d 819 (Dist. V.I. 2003) ....19

*Miller v. Brass Rail Tavern,* 702 A.2d 1072 (Pa. Super. 1997) ....16

*Mortimer v. McCool*, 667 Pa. 134, 255 A.3d 261 (Pa. 2021)....17

*Oscar v. BMW of N. Am*,, 2011 U.S. Dist. LEXIS 146395 (S.D.N.Y. 2011)....7

*Pennsylvania Pub. Sch. Emples. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111 (2d Cir. 2014)....12

*People of the Virgin Islands v. Alkhatib*, 53 V.I. 131 (Super. Ct. 2010)....18

*Phillips v. Reed Grp., Ltd*., 955 F. Supp.2d 202 (S.D.N.Y.2013)....15

*Presbyterian Church of Sudan v. Talisman Energy, Inc*., 453 F. Supp. 2d 633 (S.D.N.Y. 2006)....14

*Raymond Loubier Irrevocable Trust v. Loubier,* 858 F.3d 719 (2d Cir. 2017)....11

*Soroof Trading Dev. Co. v. GE Microgen, Inc*., 283 F.R.D. 142 (S.D.N.Y 2012).... 6, 7, 8, 9

*Wedner v. Unemployment Bd*., 449 Pa. 460, 296 A.2d 792 (Pa. 1972)....15

*Williams v. Citigroup Inc*., 659 F.3d 208 (2d Cir. 2011)....11

*Windward Bora LLC v. Browne*, 110 F.4th 120 [2d Cir. 2024]....12

**Statutes and Rules**

13 V.I.C. § 1303.... 14, 15

FRCP 16(b)(4)....6

## PRELIMINARY STATEMENT

Defendants Can Man, LLC ("Can Man") and Best Bev, LLC ("Best Bev") submit this memorandum of law in opposition to the motion filed by plaintiff Happy Hour Drinks Company, Inc. ("Happy Hour") for leave to file a First Amended Complaint.

Happy Hour seeks, on this motion, to amend its complaint in several substantial ways. First, with regard to defendant Best Bev, it seeks to add various allegations and a claim of "alter ego" liability against Best Bev for the alleged actions of defendant Can Man, based upon its theory that Best Bev is the "de facto successor" of Can Man. Second, it seeks to join and add various allegations regarding three new defendants: (a) Ryan Uszenski ("Uszenski"); (b) Shawn P. Sheehan ("Sheehan"), individually and in his capacity as Trustee of the Shawn P. Sheehan Revocable Trust; and (c) the Shawn P. Sheehan Revocable Trust (the "Trust"). Finally, and relatedly, it seeks to add claims of "alter ego" liability against Uszenski, Sheehan and the Trust, based upon its theory that the Court should "pierce the corporate veil" of Can Man and Best Bev and, as a result, impose individual liability on Uszenski and Sheehan. Happy Hour does not appear to make a substantive claim against the Trust.

For the reasons set forth herein, Happy Hour's motion should be denied.

.

## STATEMENT OF FACTS

Defendants refer the Court to the affidavit and declarations in opposition, submitted herewith, for a detailed recitation of the relevant procedural history of this action, as well as certain factual issues relevant to its consideration of this motion. As such, the instant Statement of Facts consists of a more general presentation.

Per its complaint, Happy Hour is a Delaware corporation, with a principal place of business in Los Angeles, California. (Docket No. 1 at ¶ 2). It commenced this action on January 11, 2024 against Can Man, Best Bev and "John Does 1 through 100." It is worth pointing out that Happy Hour's complaint contains no substantive allegations against Best Bev, except to note that it is a U.S. Virgin Islands limited liability company and does business in Waverly, New York. (Id. at ¶ 4). Instead, virtually all the operative factual assertions contained in the complaint concern Can Man, which is misidentified as a Pennsylvania corporation which "does business in Waverly, New York and formerly in Pennsburg, Pennsylvania." (Id. at ¶ 3).[1]

Notwithstanding the foregoing, Happy Hour's complaint does state, with regard to the unidentified "John Doe" defendants, that it would "seek leave of the court to amend the complaint to set forth the true names of and capacities of said defendants when the same has been ascertained." (Id. at ¶ 5) In this regard,

[1] Can Man is alleged to be a Pennsylvania "corporation" even though the caption and body of the complaint both correctly note its name as "Can Man, LLC."

immediately upon the filing of Happy Hour's complaint, the Court entered a Text Notice stating that "In the event plaintiff wishes to pursue the claims against [the John Doe defendants], plaintiff shall take reasonable steps to ascertain their identity."

On April 17, 2024, the Court entered a Uniform Pretrial Scheduling Order which provided, as relevant here, that "Any motion to join any person as a party to this action" and/or "Any motion to amend any pleading in this action" had to be made "on or before" September 3, 2024. (Docket No. 13 at ¶¶ 4, 5) As detailed in the affidavit in opposition submitted herewith, that deadline was extended several times, at Happy Hour's request. The final extension was granted on November 4, 2024 and provided that any motions to amend or join parties were to be filed by December 19, 2024. (Docket No. 44)

During the months and weeks leading up to this deadline, Happy Hour repeatedly advised the Court that it would "be filing an amended complaint adding additional factual allegations, defendants, and alter ego theories." (see, e.g., Docket No. 49) The record is also clear that—at least insofar as Happy Hour's "alter ego" claims against Best Bev are concerned—it was in possession of sufficient facts to file a motion to amend in advance of that deadline. But it made no such motion.

After the amendment deadline passed, Happy Hour inexplicably failed to ever ask the Court for a further extension or extensions. Instead, it turned its focus to an

effort to secure detailed financial information, including tax returns, from the Defendants. At first, it claimed that it needed this information because of the revelation that Can Man was no longer functioning as a business, and its concern that Can Man might not have "the money or assets to satisfy a judgment." (Docket No. 43) However, it also argued that it needed this documentation to either support its planned "alter ego" claims or to formulate those claims.[2]

The dispute over these documents occupied most of the next year. After the Magistrate Judge granted Happy Hour's motion to compel production of such documents (Docket No. 64),[3] Defendants appealed to the District Court Judge. A decision on the appeal was finally issued on October 1, 2025. (Docket No. 90) Shortly thereafter, per the District Court's decision, Defendants produced the requested financial documents through August 2024, and voluntarily produced tax returns from 2021, 2022 and 2023. Ultimately, by December 12, 2025, Defendants produced the balance of the requested records, including their 2024 tax returns.

Defendants submit that, as of December 12, 2025, Happy Hour had all of the information it claimed it "needed" to assert the allegations it now seeks to include in

[2] Defendants submit that this latter rationale for seeking the financial documents was a red herring. It was clear, from the outset, that Happy Hour's desire for Defendant's confidential financial data was driven by its concern that there would be a source of funds for the damages it claims in this action.

[3] In the Text Order granting the motion to compel, the Magistrate Judge reiterated that the schedules and deadlines in the case, including the then-expired December 19, 2024 deadline for amendment/joinder motions, remained in effect. (Docket No. 64).

its proposed amended complaint. That being said, Defendants also maintain that Happy Hour—fully cognizant of the separate corporate structures of each of the Defendants as early as May 2024—could have asserted all of its "alter ego" claims long before the amendment/joinder deadline expired, and then simply sought relevant discovery to support those claims in the normal course. In any event, even as late as December 2025, Happy Hour still did not move for leave to amend.

Instead, Happy Hour claims that it did not and could not have brought these claims until after it deposed Uszenski and Sheehan (and Best Bev's Chief Financial Officer, James Peterson) in early March 2026. This assertion is based solely on its counsel's three-page "Affidavit."[4] (Docket No. 124-2) This assertion simply does not hold water.

Aside from the fact that "alter ego" claims based on a theory of piercing a defendant's corporate veil are regularly asserted before discovery into the issue occurs, the claim that Happy Hour "discovered" relevant facts during these depositions does not hold up under scrutiny. Throughout the depositions, the deponents were asked loaded, leading questions that demonstrate that Happy Hour had already formulated its "alter ego" and "corporate veil" theory well in advance of March 2026. Moreover, the testimony on which Happy Hour claims to rely did

[4] Mr. Goodman's submission is not an Affidavit; it is a declaration.

not confirm its assertions; if anything, the testimony contradicted Happy Hour's claims.

Nevertheless, in a last-ditch effort to remedy its failure to timely seek leave to amend its poorly crafted complaint, Happy Hour filed the instant motion on April 3, 2026, after discovery in the action was closed, and over 15 months after the Court-ordered deadline for making such a motion expired. Worse, the proposed amended complaint does not even come close to alleging sufficient facts to sustain Happy Hour's eleventh-hour claims.

## LEGAL ARGUMENT

### I. PLAINTIFF'S REQUEST FOR LEAVE TO ASSERT AN "ALTER EGO" OR "DE FACTO SUCCESSOR" CLAIM AGAINST BEST BEV, LLC SHOULD BE DENIED

#### A. Legal Standard

As Happy Hour concedes, because the Court entered a scheduling order containing a deadline for motions to amend, and that deadline has passed, FRCP 16(b)(4) is implicated and it is required to demonstrate "good cause" for its failure to timely file the motion. *See, Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y 2012), *citing Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009). Moreover, "if the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly

denied." *Soroof*, at 147, *citing Oscar v. BMW of N. Am*,, 2011 U.S. Dist. LEXIS 146395 (S.D.N.Y. 2011).

### B. Plaintiff Has Not Established Good Cause for Its Failure to Timely Move for Leave to Amend Its Complaint as Against Best Bev, LLC

As detailed in Defendants' opposition papers, Happy Hour had all of the information it needed to assert its "de facto successor" claims against Best Bev prior to December 19, 2024. Moreover, Happy Hour cannot even credibly argue that it needed the financial discovery it sought or the depositions on which it relies to assert these claims against Best Bev.

In support of its position on the issue of "good cause," Happy Hour relies solely on the *Soroof* case. It begins by suggesting that, in *Soroof*, "the court granted leave to amend even though the motion was filed one year and seven months after the scheduling order deadline." (Docket No. 124-1 at p. 7) This is a mischaracterization of the facts in that case. As the Court in *Soroof* noted, the plaintiff's initial motion to amend was filed on October 29, 2010, less than two months after the amendment deadline. 283 F.R.D. at 145. The Court denied that motion, on consent and without prejudice, pending the determination of the defendants' motion on the pleadings and for summary judgment, with the understanding that "the Court would 'stop[] the clock' and plaintiff would not 'be prejudiced by and delay that might happen.'" *Id.* After the District Court ruled on

defendants' motions in January 2012, and granted leave to supplement its complaint by February 10, 2012, the plaintiff filed an amended complaint and then, one month later, moved for leave to add the "alter ego" defendant. *Id*. at 145-46. Thus, in terms of timing, the Court held that plaintiff "filed the First Motion to Amend in October 2010. That motion was effectively held in abeyance during the period that ended with [the District Court's] January 24 [2012] Order. Soroof filed its motion less than two months later. Thus, Soroof moved with adequate dispatch in its quest to amend." *Id*. at 149.

Here, Happy Hour had all the facts it needed to allege its "alter ego" claim against Best Bev by, at the latest, December 16, 2024. But it waited another fifteen and a half months to file the instant motion. There is no excuse for that.

*Soroof* is further distinguishable in this critical manner: at the time of the motion to amend, the discovery deadline was not scheduled to expire for another eight months. *Id*. at 153. Here, non-deposition discovery closed at the end of January 2026, and the deadline for completing specified depositions closed on April 3, 2026. *Cf. Phelan v. Campbell*, 2012 U.S. Dist. LEXIS 15392 (N.D.N.Y. 2012)(motion to amend denied because request "would necessitate reopening the already-completed period of discovery"), *report and recommendation adopted* 2012 U.S. Dist. LEXIS 15375 (N.D.N.Y. 2012), *aff'd* 2013 U.S. App. LEXIS 65, n.1 (2d Cir. 2013). While Happy Hour suggests that it does not need any additional discovery, Defendants

maintain that they certainly will need discovery into the nature and basis of this new claim.

For the foregoing reasons, Defendants submit that Happy Hour has not demonstrated good cause for its delay in moving to amend with regard to its "de facto successor" claims against Best Bev. It could have and should have made such a motion prior to the Court-ordered deadline. Its motion for leave to add these allegations by amendment should be denied.

In addition, it is not at all clear that Happy Hour's "new" allegations against Best Bev make out a claim for "de factor successor" liability under either Pennsylvania law or New York law. Critically, Happy Hour's claim appears to assume that Can Man moved its operations from Pennsylvania to Waverly, New York (Proposed Amended Complaint ¶ 29) and that Best Bev subsequently took over those operations. However, on this motion, Happy Hour submits no evidence to that effect; in fact, the evidence it submits is to the contrary. (Sheehan Dep 32:3-8)

## II. PLAINTIFF'S REQUEST FOR LEAVE TO "PIERCE THE CORPORATE VEIL" OF CAN MAN, LLC AND BEST BEV, LLC AND ASSERT "ALTER EGO" CLAIMS AGAINST THREE NEW DEFENDANTS SHOULD BE DENIED

Defendants maintain that, although Happy Hour argues that it had "good cause" for waiting until after it completed its March 2026 depositions to seek to add Uszenski, Sheehan and the Trust as defendants, and to add claims that they are the

"alter egos" of Can Man and/or Best Bev, based upon a "pierce the corporate veil" theory, that argument should be rejected. Defendants submit that, at the latest, Happy Hour had everything it needed to make these allegations by December 2025.

However, the Court need not even make a determination on that issue. If the proposed new claims are "futile," the Court should deny the motion. *Williams v. Citigroup Inc*., 659 F.3d 208, 214 (2d Cir. 2011); *Allison v. Clos-ette Too, L.L.C.*, 2015 U.S. Dist. LEXIS 2826, *11-12 (S.D.N.Y. 2015). Happy Hour's claims against the new proposed defendants are futile.

There are several serious problems with Happy Hour's proposed claims against these new proposed defendants.

**A. The Trust is not a Proper Defendant**

First, the Trust is not a proper defendant; it is not an entity that can sue or be sued. *Raymond Loubier Irrevocable Trust v. Loubier,* 858 F.3d 719, 731 (2d Cir. 2017). As such, the attempt to add the Trust as a defendant should be denied.

**B. Lack of Allegations Regarding Citizenship**

Second, the proposed amended complaint does not detail the citizenship of each of the limited liability companies or other entities at issue, or the members of the members of those entities. Instead, Happy Hour merely recites where the proposed defendants reside.

Diversity jurisdiction requires complete diversity, which requires that all plaintiffs must be citizens of states diverse from those of all defendants. *Pa. Pub. Sch. Emples. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-118 (2d Cir. 2014). The party asserting jurisdiction bears the burden of proof. *Id*. Because a limited liability company is a citizen of every state of each of its members, (*Windward Bora LLC v. Browne*, 110 F.4th 120, 128 [2d Cir. 2024]), the citizenship of all members must be alleged. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2015); *Avant Capital Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016); *Kruglov v. Copart of Conn., Inc*., 771 Fed. Appx. 117, 118 (2d Cir. 2019).

Here, for example, the Plaintiffs allege only that Best Bev "is a limited liability company existing under the laws of the U.S. Virgin Islands and does business in Waverly, New York." (Proposed Amended Complaint ¶ 5) Such allegations are "irrelevant." *Alvarez & Marshal Global Forensic & Dispute Servs., LLC v. Cohen-Cole*, 2014 U.S. Dist. LEXIS 21574, *4 (S.D.N.Y. 2014).

Because Happy Hour does not allege the citizenship of each of the members of Best Bev, let alone the members of those members, etc., the Complaint "fails on its face to plead diversity of citizenship" and should be rejected. *Kruglov*, 771 Fed. Appx. at 118.

### C. Inadequate Allegations Regarding "Piercing the Corporate Veil" of All Relevant Entities

Third, with regard to Sheehan in particular, in order to "pierce the corporate veil" and impose individual liability where there are a series of entities in the ownership chain, the plaintiff must demonstrate that the "corporate veil" of each entity in the hierarchy should be disregarded. *See, e.g., Garcia v. Paris Maintenance*, 2016 U.S. Dist. LEXIS 60111, *17 (E.D.N.Y. 2016); *Presbyterian Church of Sudan v. Talisman Energy, Inc*., 453 F. Supp. 2d 633, 689 (S.D.N.Y. 2006).

Happy Hour has not even alleged the identities of all of the entities in the corporate chain between Best Bev and Sheehan (i.e., EtOH Worldwide, LLC, etc.) let alone include allegations as to why each entity in that chain should have its corporate veil pierced.

### D. Happy Hour Does Not Apply the Correct Law in its Analysis

Fourth—and critically—Happy Hour ignores that Pennsylvania law (with regard to Can Man) and U.S. Virgin Islands law (with regard to Best Bev)—and not New York law—controls whether the proposed defendants are "alter egos" of the LLCs at issue. *See, Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir. 1995); *In re Hoosick Falls PFOA Cases,* 431 F. Supp.3d 69, 79 (N.D.N.Y. 2020)("the law of the state of incorporation is used to determine whether the corporate veil should be pierced"), *quoting Phillips v. Reed Grp., Ltd*., 955 F. Supp.2d 202, 227-28

(S.D.N.Y.2013); *Centauro Liquid Opportunities Master Fund, L.P. v. Bazzoni*, 2016 U.S. Dist. LEXIS 136024, *9-10 (S.D.N.Y. 2016).

Under Pennsylvania law, there is a strong presumption against piercing the corporate veil. *Wedner v. Unemployment Bd*., 449 Pa. 460, 296 A.2d 792, 795 (Pa. 1972); *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995)(" a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person").

Generally, in Pennsylvania, the relevant factors are "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs[,] and use of the corporate form to perpetrate a fraud." *Lumax*, 669 A.2d at 895.

Undercapitalization is defined as "the financial condition of a firm that does not have enough capital to carry on its business." *Fletcher-Harlee Corp. v. Szymanski,* 936 A.2d 87, (Pa. Super. 2007). *See also, Miller v. Brass Rail Tavern,* 702 A.2d 1072, 1076 (Pa. Super. 1997)(company was "capitalized adequately for purposes of its operation"). Happy Hour has not suggested that Can Man was inadequately capitalized for its business purposes, only that its initial capitalization at formation was insufficient—a contention that Defendants contest. Can Man paid its employees, its vendors, its rent and its taxes. The fact that it may or may not have

sufficient funds today to pay Happy Hour's claimed damages is not relevant to the issue.

With regard to corporate formalities, Happy Hour has not alleged how Can Man was deficient. Can Man is not a corporation, it is a limited liability company. As the Pennsylvania Supreme Court noted in the context of an attempt to pierce the veil of a LLC:

> [T]he observance-of-corporate-formalities factor had little relevance, because few such formalities are imposed for the management of a limited liability company. Moreover, 340 Associates adhered to the formalities that Pennsylvania law requires. It "had a certificate of organization and an operating agreement, filed federal income tax returns, kept bookkeeping records, and maintained a separate bank account."

*Mortimer v. McCool*, 667 Pa. 134, 255 A.3d 261, 269 (Pa. 2021).

There is no evidence of intermingling of corporate and personal affairs, nor any evidence that either Uszenski or Sheehan (or the Trust) *used the corporate form* to perpetrate a fraud. The mere fact that, for reasons unrelated to Happy Hour, Can Man ultimately ceased business operations, does not mean that anyone formed or used Can Man to defraud Happy Hour. As the Court in *Mortimer* noted, "[n]ot every business entity can pay its debts, but that does not mean there is fraud." *Id.* at 270.

The law of the U.S. Virgin Islands is even more favorable to members of limited liability companies. The general rule of limited liability under 13 V.I.C. § 1303 is that "members or managers are not personally liable" for the debts,

obligations and liabilities of an LLC. In addition, the failure of an LLC to observe formalities is not a basis for imposing personal liability on members or managers. *Id*. *See, Cesar Castillo, Inc. v. Healthcare Enters, L.L.C*., 2020 U.S. Dist. LEXIS 56130, *12-13 (Dist. V.I. 2020). Beyond that, in *Donastorg v. Daily News Publishing Co., Inc*., 63 V.I. 196 (Super. Ct. 2015), explained: "The corporate form should not be disregarded lightly, especially because doing so threatens a company's ability to conduct business in this Territory. The Virgin Islands, as in other jurisdictions, will respect corporate separateness unless presented with a compelling reason to disregard such a well-entrenched concept." *Id*. at 334. For those reasons, Virgin Islands law requires "clear and convincing evidence" to justify veil-piercing, and is clear that "mere conclusory allegations that a member is the alter ego of an LLC are insufficient." *People of the Virgin Islands v. Alkhatib*, 53 V.I. 131 (Super. Ct. 2010), *quoting Matheson v. V.I. Cmty. Bank Corp*., 297 F. Supp. 2d 819, 833 (Dist. V.I. 2003).

Defendants submit that Happy Hour has not (and has not really tried to) made out a basis for piercing Can Man's corporate veil under Pennsylvania law, or piercing Best Bev's corporate veil under Virgin Islands law. Taken together with the other glaring pleading defects in the proposed amended complaint, Happy Hour's motion for leave to amend and add new parties should be denied.

In addition to the foregoing, a significant issue underlying Happy Hour's proposed amendment is: What exactly did Uszenski or Sheehan, personally, do to Happy Hour? Neither was involved in the day-to-day operations of the defendant LLCs, neither dealt with or personally made any representations to Happy Hour or its principals, and neither had anything to do with the processing of Happy Hour's products. Other than Happy Hour's conclusory allegations, there is simply no evidence that the proposed defendants "dominated" the business operations of the corporate defendants, used the corporate form for improper purposes, co-mingled assets, or ignored the relatively modest corporate formalities attendant to a limited liability company.

## CONCLUSION

For the foregoing reasons, the Court should deny Happy Hour's motion for leave to amend in its entirety.

Dated: April 24, 2026

Respectfully Submitted,

***s/ Paul T. Sheppard***

Paul T. Sheppard Bar Number: 102596
*Attorneys for Defendants*
HINMAN, HOWARD & KATTELL, LLP
80 Exchange Street
P.O. Box 5250
Binghamton, NY 13902-5250
Telephone: (607) 231-6729
Fax: (607) 723-6605
Email: sheppard@hhk.com