# EXHIBIT "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

HAPPY HOUR DRINKS COMPANY, INC.,

Plaintiff,

-against-

CAN MAN, LLC d/b/a Best Bev Co.,
BEST BEV, LLC and
JOHN DOES 1 through 100

Defendants.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

3:24-cv-00047
(TJM/ML)

**RESPONSE TO THIRD SET OF INTERROGATORIES**

The defendants, CAN MAN, LLC d/b/a Best Bev Co. and BEST BEV, LLC, by their attorneys, Cook, Kurtz & Murphy, P.C., as and for their response to plaintiff's third set of interrogatories dated August 28, 2024, state as follows:

1. "Identify all members, managers, and officers of Can Man, LLC and Best Bev, LLC, including their addresses and titles at all times from March of 2021 to the present."

**Response:** At formation, the sole member of Can Man, LLC was Ryan Uszenski. As of October 15, 2021 the members are Ryan Uszenski and The Shawn P. Sheehan Revocable Trust with a business address of 2512 Quakertown Road, Pennsburg, PA 18073. At formation, the sole member of Best Bev, LLC was EtOH Worldwide, LLC. As of January 1, 2023 the members are EtOH Worldwide, LLC and The Shawn P. Sheehan Revocable Trust and the manager is Ryan Uszenski with a business address of 2512 Quakertown Road, Pennsburg, PA 18073.

2. "Describe the nature of the business operations of Can Man, LLC and Best Bev, LLC during the period from March of 2021 to the present, including any change in business activities or focus."

**Response:** The primary business of both entities is to place liquid in cans for third-parties. The business is more particularly described on the website for Best Bev, LLC which can be found at www.bestbev.co.

3. "State whether Can Man, LLC has been dissolved or ceased its operations and, if so, provide the date of dissolution or cessation and the reason for it."

**Response:** Can Man, LLC has not been dissolved.

4. "Detail any transfer of assets, equity or liabilities between Can Man, LLC and Best Bev, LLC including the date, nature and value of such transfers."

**Response:** There have been no transfers of assets, equity or liabilities between Can Man, LLC and Best Bev, LLC.

5. "Detail any transfer of assets, equity or liabilities between Can Man, LLC and any third-party, including the date, nature and value of such transfers."

**Response:** There have been no transfer of assets, equity or liabilities between Can Man, LLC and any third-party ~~as requested.~~

6. "List all financial statements, including balance sheets, profit and loss statements and cash flow statements for Can Man, LLC and Best Bev, LLC for the past three years."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Tax returns have been considered confidential pursuant to 26 U.S.C. § 6103. ***Gates vs. Wilkinson, 03-cv-763 GLS/DRH, 205 WL 758793 (NDNY 2005).*** Courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with qualified immunity. Said privacy issues equally apply to corporate tax returns. ***Sadofsky vs. Siesta Products, LLC., 252 FRD 143 (EDNY 2008).*** Furthermore, discovery of financial records is premature. ***Pasternak vs. Dow Kim, 275 FRD 461 (SDNY 2011)***; ***McManee vs. Clemens, 09 cv 1647 SJ, 2013 WL 6572899 (EDNY 2013)***, clarified on denial of reconsiderations, ***09 cv 1647 (SJ) 2014 WL 12775660 (EDNY 2014).***

7. "Provide a list of all bank accounts, investment accounts, and other financial accounts held by Can Man, LLC and Best Bev, LLC, including account numbers and the financial institutions where these accounts are held."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Tax returns have been considered confidential pursuant to 26 U.S.C. § 6103. ***Gates vs. Wilkinson, 03-cv-763 GLS/DRH, 205 WL 758793 (NDNY 2005)***. Courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with qualified immunity. Said privacy issues equally apply to corporate tax returns. ***Sadofsky vs. Siesta Products, LLC., 252 FRD 143 (EDNY 2008)***. Furthermore, discovery of financial records is premature. ***Pasternak vs. Dow Kim, 275 FRD 461 (SDNY 2011)***; ***McManee vs. Clemens, 09 cv 1647 SJ, 2013 WL 6572899 (EDNY 2013)***, clarified on denial of reconsiderations, ***09 cv 1647 (SJ) 2014 WL 12775660 (EDNY 2014)***.

8. "Disclose any loans or other financial obligations of Can Man, LLC and Best Bev, LLC, including details of lenders, amounts owed and payment schedules."

**Response:** These answering defendants object to this demand on the grounds that it is patently improper, overly broad, vague, ill-defined, unduly burdensome, not proportional to the needs of the litigation, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Tax returns have been considered confidential pursuant to 26 U.S.C. § 6103. ***Gates vs. Wilkinson, 03-cv-763 GLS/DRH, 205 WL 758793 (NDNY 2005)***. Courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with qualified immunity. Said privacy issues equally apply to corporate tax returns. ***Sadofsky vs. Siesta Products, LLC., 252 FRD 143 (EDNY 2008)***. Furthermore, discovery of financial records is

premature. ***Pasternak vs. Dow Kim, 275 FRD 461 (SDNY 2011)***; ***McManee vs. Clemens, 09 cv 1647 SJ, 2013 WL 6572899 (EDNY 2013)***, clarified on denial of reconsiderations, ***09 cv 1647 (SJ) 2014 WL 12775660 (EDNY 2014)***.

9. "Identify any real estate properties owned or leased by Can Man, LLC and Best Bev, LLC, including the address, current owners or lessees and any transfer of sales of such properties."

**Response:** These answering defendants do not own any real property, however, Can Man, LLC leases a premises from MH II Pennsburg LLC which is located at 2512 Quakertown Road, Pennsburg, PA 18073. Best Bev, LLC leases a premises from Waverly Trade Center LLC which is located at 685 Broad Street Extension, Waverly, NY 14892. Best Bev, LLC also leases a premises from Phoenix Athens, LLC which is located at 101 North Main Street, Athens, PA

10. "Describe any contracts or agreements between Can Man, LLC and Best Bev, LLC including the nature of the agreements and the parties involved."

**Response:** No such agreements exist.

11. "Provide details on any legal proceedings including lawsuits or arbitration involving Can Man, LLC and Best Bev, LLC including the case numbers, jurisdictions and outcomes."

**Response:** The only case that these answering defendants are aware of involves a proceeding in the United States Bankruptcy Court for the Middle District of Pennsylvania which lists Can Man, LLC and Best Bev, LLC as defendants under Case No. 23-00047-pmm. Said case is in the initial pleadings stage.

Dated: September 26, 2024
Kingston, New York

ERIC M. KURTZ, ESQ. # 103869
COOK, NETTER, CLOONAN, KURTZ & MURPHY, P.C.
*Attorneys for Defendants/*

*CAN MAN, LLC d/b/a BEST BEV CO.*
*And BEST BEV, LLC*
85 Main Street, PO Box 3939
Kingston, New York 12402
(845) 331-0702

TO: JOSEPH CHURGIN, ESQ.
SAVAD CHURGIN
*Attorneys for Plaintiff*
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954