**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HAPPY HOUR DRINKS COMPANY, INC.,

Plaintiff,

-against-

CAN MAN, LLC d/b/a Best Bev Co.;
BEST BEV, LLC and
JOHN DOES 1 through 100,

Defendants.

**DECLARATION OF ERIC MENDELSOHN IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Case No. 3:24-cv-00047 (ECC/ML)

I, Eric Mendelsohn, CPA, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury, the following:

1. I am the accountant for Can Man, LLC ("Can Man"), one of the two named defendants in the above-captioned action.

2. I am advised that, in support of its motion for leave to amend its complaint in this action, counsel for the plaintiff has made certain allegations based upon Can Man's federal income tax returns, particularly based upon certain entries on one of the 2024 K-1s for Can Man.

3. I am advised that the plaintiff has not provided the Court with the actual K-1 at issue, but has instead relied upon a discussion of the document appearing in the deposition transcript of Shawn Sheehan. I believe that this

presentation may cause confusion regarding the actual corporate structure of Can Man.

4. Can Man is a Pennsylvania limited liability company ("LLC"). ***For purposes of federal taxation***, a multi-member LLC is automatically classified as a partnership unless it specifically elects to be taxed as a corporation. This means that an LLC would file a Form 1065 (U.S. Return of Partnership Income), which uses language indicative of a partnership for an entity—a limited liability company in this instance—that only has members.

5. In a partnership, profits, losses, and capital percentages do not always have to match. A partnership can provide for different allocations of income, gain, loss, deduction, and credit among partners. For tax purposes, those allocations must either have "substantial economic effect" or otherwise reflect the partners' actual economic arrangement. If they do not, the IRS can reallocate them.

6. In 2024, the members of Can Man were Ryan Uszenski, who held a 90.1% and controlling membership interest in the LLC, and the Shawn P. Sheehan Revocable Trust ("Trust"), which held a 9.9% minority membership interest in the LLC.

7. Despite those membership interests, ***for tax purposes***, Can Man elected to allocate the profit and loss interests differently. Specifically, the LLC

elected to allocate 90% of its losses to the Trust and 10% of its losses to Mr. Uszenski.

8. This does not mean that the Trust had a controlling equity interest in the LLC.

9. In addition, where one of the members of an LLC is itself a disregarded entity for tax purposes (i.e., another single-member LLC or a revocable trust), the LLC at issue can disregard the entity and issue K-1 directly to the individual who ultimately owns the member entity.

10. Accordingly, ***for tax purposes***, the K-1 at issue disregarded the member-entity (the Trust) and was issued to Shawn Sheehan under his social security number because he is the current beneficiary of the Trust.

11. Again, this election does not mean that Mr. Sheehan is a member of the LLC or that he holds a controlling interest in the LLC.

12. I am also advised that the plaintiff has asserted that Mr. Sheehan "received a six-figure cash distribution" from Can Man in 2024. This is not quite accurate. There was no cash payment from Can Man to Mr. Sheehan.

13. Instead, in 2024, Can Man had an "Open Receivable" from Best Bev, LLC related to the sale of certain left-over ingredients from Can Man to Best Bev, LLC.

14. Mr. Sheehan is the ultimate beneficial owner of Best Bev, LLC. Accordingly, ***for tax purposes***, this receivable was reclassified as a distribution on Can Man' books. On Best Bev, LLC's books, this liability to Can Man was reclassified as a member contribution. This was done by journal entry and no money was ever transferred or distributed.

15. Again, neither Mr. Sheehan nor the Trust actually received a cash distribution from Can Man.

Dated: April 23, 2026
New York, New York

Eric Mendelsohn